**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| MAURICE BROWN, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Cause No.: 2:14-CV-334-PRC |
| ) | |
| JOHN BUNCICH d/b/a Lake County, ) | |
| Indiana, Sheriff, *et al.*, ) | |
|     Defendants. ) | |

## OPINION AND ORDER

This matter is before the Court on an Emergency Petition to Request Probationary Injunction that Stops Defendants from Evicting Plaintiff [DE 23], filed by pro se Plaintiff Maurice Brown in the afternoon on June 8, 2015. Plaintiff represents that he is to be evicted from his residence on June 9, 2015, (the same day as this order) and contends that he is entitled to an injunction maintaining the status quo.

Plaintiff represents that he lives on a parcel of land at 7509 White Oak Avenue in Hammond, Indiana 46324. According the motion, Plaintiff is about to be evicted (or perhaps, by this point, has been evicted) by the Lake County Sheriff's Department. The parcel he is currently living on once belonged to him, but was apparently sold in a Sheriff's tax sale. The purchaser, 21st Mortgage Corporation, appears to have obtained an order from the Lake County, Indiana, Superior Court on May 14, 2015, ordering Plaintiff to leave the property within seven days and authorizing the Sheriff of Lake County to use all reasonably necessary force to remove him from the property. According to Plaintiff, the Sheriff gave him until 9 a.m. on June 9, 2015, to leave the property or face forcible eviction.

Plaintiff claims that the state-court order is void on the basis of res judicata and that the

Sheriff thus has no right to evict him. Further, he claims that eviction will wrong him in two ways. First, it will be difficult for him as he is blind in his right eye, has chest pains resulting from a surgery to repair an aneurysm, and suffers from panic attacks. Second, he claims that he has a right to litigate his claim of res judicata without facing eviction. He represents that he can conduct a peaceful move from the property if given injunctive relief. He asks the Court to investigate his claim of res judicata and, if it has merit, to grant him injunctive relief.

The Court construes this motion as asking for both a temporary restraining order and a preliminary injunction under Federal Rule of Civil Procedure 65. "The standards for issuing temporary restraining orders are identical to the standards for preliminary injunctions." *Long v. Bd. of Educ., Dist. 128*, 167 F. Supp. 2d 988, 990 (N.D. Ill. 2001) (citing *Bernina of Am., Inc. v. Fashion Fabrics Int'l, Inc.*, No. 01 C 585, 2001 WL 128164, at *1 (N.D. Ill. Feb. 9, 2001)).

In order for the injunction to be issued, Plaintiff must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The first two elements—likelihood of success on the merits and likelihood of irreparable harm—are threshold requirements. *See Ezell v. City of Chicago*, 651 F.3d 684, 694 (7th Cir. 2011); *Pro's Sports Bar & Grill, Inc. v. City of Country Club Hills*, 589 F.3d 865, 872-73 (7th Cir. 2009). Because Plaintiff has failed to satisfy these threshold requirements, his request for injunctive relief is denied.

Plaintiff alleges in his Complaint that Defendants wrongly accepted the deed, wrongly refused to accept service of process, and wrongly accepted a writ of assistance dealing with the property on which Plaintiff has been living. He alleges that Defendants' actions are wrong because

the issues undergirding those actions were dealt with in an earlier state-court case and are therefore barred by res judicata.

Nothing in the record shows why this case belongs in this Court (as opposed to the Lake County, Indiana, trial court or a state appellate court), and Plaintiff has provided almost no specifics about why the later proceedings are barred by res judicata or why Defendants have been acting unlawfully as a result. In short, Plaintiff has not shown how this lawsuit might succeed, and the Court therefore **DENIES** the Emergency Petition to Request Probationary Injunction that Stops Defendants from Evicting Plaintiff [DE 23].

SO ORDERED this 9th day of June, 2015.

s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT

cc: Plaintiff, pro se