UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MAURICE BROWN,<br>      Plaintiff, | )<br>)<br>) |
| v. | ) CASE NO. 2:14-CV-334-PRC |
| | ) |
| JOHN BUNCICH d/b/a LAKE COUNTY<br>INDIANA, SHERIFF DEPARTMENT | )<br>) |
| | ) |
|       Defendant | ) |

## OPINION AND ORDER

This matter is before the Court on Defendant, John Buncich's, Motion to Dismiss Plaintiff's Amended Complaint [DE 37], filed by Defendant John Buncich on May 26, 2016. Plaintiff, pro se, has not filed a response, and the deadline by which to do so has passed.

## BACKGROUND

On September 15, 2014, Plaintiff Maurice Brown initiated this cause of action by filing a Complaint, in which he names Sheriff Buncich, Lieutenant Douglas, and unknown officers under Sheriff Buncich as Defendants. Buncich filed his Answer on November 24, 2014. Douglas filed his Answer on January 6, 2015.

On June 8, 2015, Brown filed an emergency motion which was construed as a motion for a temporary restraining order to prevent Defendants from evicting Brown from his home. This Court denied that motion. Brown then filed an Amended Complaint on August 11, 2015, without seeking this Court's leave or Defendants' consent. In the caption of his Amended Complaint, Brown names Buncich as Defendant but does not name Douglas or the unknown officers in the caption. Buncich filed an Answer on August 28, 2015. On May 26, 2016, Buncich filed the instant Motion to Dismiss.

1

Brown alleges that officers used unnecessary force when evicting Brown from his home, leading to three days of hospitalization. Brown also alleges that, in a separate incident, Douglas coerced Brown out of the Sheriff's office. Brown alleges that Buncich directed his officers' actions. Brown contends that these actions by Buncich and his officers violated Brown's constitutional rights and that the force used was "unnecessary." Brown further alleges that Buncich's actions were taken because of Brown's race and disabilities.

The parties orally agreed on the record to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

**ANALYSIS**

Before ruling on the pending Motion to Dismiss, the Court must first address Brown's Amended Complaint, which was not filed in compliance with the Federal Rules of Civil Procedure. For the reasons stated below, the Court construes the Amended Complaint as a motion for leave to file an amended complaint and grants that motion. After resolving that issue, the Court then turns to the Motion to Dismiss.

**A. Amended Complaint**

Pro se litigants are held to a less stringent standard than licensed attorneys, and their filings are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "pro se litigants are not entitled to a general dispensation from the rules of procedure or court-imposed deadlines." *Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996) (quoting *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994)). Still, a court can exercise its discretion and accept a pro se litigant's amended complaint that was not filed in compliance with Rule 15 by construing it as a motion to amend the

complaint and then granting the construed motion. *See, e.g.*, *Green v. United States*, 2:14-cv-119, 2015 WL 5093753, at *1 (S.D. Ill. Aug. 27, 2015); *Marshall v. Nickel*, 06-cv-617, 2008 WL 2610142, at *1 (W.D. Wis. July 2, 2008).

In the instant matter, Plaintiff submitted an Amended Complaint more than 21 days after Defendants had submitted Answers to the original complaint and without first seeking Defendants' consent or this Court's leave. Thus, the Amended Complaint was not filed in compliance with Rule 15. However, none of the defendants named in the original complaint objected to Plaintiff's Amended Complaint. Additionally, Buncich filed an Answer and, later, the instant Motion to Dismiss, directed toward the Amended Complaint, thereby tacitly accepting the Amended Complaint as the controlling complaint in this litigation. In the interests of justice, this Court construes the Amended Complaint as a motion for leave to file an amended complaint, and grants the motion. The Amended Complaint, filed at docket entry 31, is the controlling complaint in this cause of action.

Next, per Federal Rule of Civil Procedure 10, all parties must be named in a complaint's caption. Fed. R. Civ. P. 10. Parties can be dropped from a cause of action through the filing of an amended complaint that does not name the dropped party. *Taylor v. Brown*, 787 F.3d 851, 858 (7th Cir. 2015). The caption of the Amended Complaint lists only Buncich as a defendant. Therefore, the claims against the other defendants named in the original complaint are dismissed without prejudice.

In looking at the Amended Complaint as a whole, however, it is not clear that Brown intended to drop the other defendants from this litigation. The Amended Complaint's caption, though only naming Buncich, still reads "Defendants." Further, Brown provides section headers of "Facts to inform defendants of what they did to get sued," and "Claims against defendants."(Am. Compl., 2, 3, ECF No. 31). Elsewhere in the Amended Complaint, Brown uses the singular

3

"defendant." Because it is not clear whether Brown intended to drop the other defendants from this litigation, the Court grants leave for Brown to file a Second Amended Complaint for the sole purpose of adding the dropped defendants back into the caption of the Complaint. The Court does not grant leave for Brown to make any other changes.

### B. Motion to Dismiss

In the instant Motion, Buncich asks the Court to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Because the pleadings have closed, the Court construes Defendant's motion as a motion for judgment on the pleadings. *See Forseth v. Vill. of Sussex*, 199 F.3d 363, 368 n.6 (7th Cir. 2000). Motions brought under Rule 12(c) are governed by the same standard used for motions brought under Rule 12(b)(6). *Id.*

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on such a motion, the Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

4

relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570); *see also Tamayo*, 526 F.3d at 1082.

Two weeks after deciding *Twombly* and in the context of pro se litigation, the Supreme Court again addressed the notice pleading standard, reiterating that "[s]pecific facts are not necessary" to meet the requirements of Rule 8(a). *Erickson*, 551 U.S. at 93. The Supreme Court reaffirmed that "[a] document filed *pro se* is to be liberally construed . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* at 94 (quotation marks and citations omitted).

Buncich argues that judgment on the pleadings should be entered in his favor because (1) Brown has not alleged the excessive force necessary to state a claim under 28 U.S.C. § 1983; (2) Brown has not alleged that Buncich knew about, facilitated, approved condoned, or turned a blind eye to the alleged misconduct; and (3) Buncich is entitled to qualified immunity or quasi-judicial immunity for his actions. The court addresses each argument in turn.

1. *Excessive Force*

Buncich contends that Brown does not allege excessive force, and, therefore, Buncich is entitled to judgment on the pleadings. However, Brown alleges that the officers used "unnecessary force" against Brown, which can be construed as unreasonable or excessive force. *See Martin v. Ft. Wayne Police Dept.*, 1:11-CV-351JVB-RBC, 2014 WL 854504, at *5 (N.D. Ind. Mar. 5, 2014) (quoting *Excessive Force*, Black's Law Dictionary (8th ed. 2004), which defines "excessive force" as "unreasonable or unnecessary force under the circumstances"). Therefore, in liberally construing Brown's Complaint, the Court finds that Brown alleges that excessive force was used against him.

5

*2. Supervisory Responsibility*

Buncich asserts that he is entitled to judgment on the pleadings because there is no supervisory liability under § 1983. "[S]upervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable ." *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (alterations in original) (quoting *Jones v. City of Chi.*, 856 F.2d 985, 992-93 (7th Cir.1988)). "A defendant will be deemed to have sufficient personal responsibility if he directed the conduct causing the constitutional violation, or if it occurred with his knowledge or consent." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (internal quotation marks omitted (quoting *Chavez*, 251 F.3d at 651).

In Plaintiff's Amended Complaint, Brown alleges that "John Defendant operates a law enforcement agency. Who directed the force used against Plaintiff." (Am. Compl., ¶ 3, ECF No. 31). Buncich, whose first name is John, is Sheriff of Lake County, Indiana. Also, as noted above, Buncich is the only Defendant named in the Amended Complaint. Further, Brown alleges that "[i]n his directing, Buncich causes himself to be liable." *Id.* at ¶ 4. With the liberal construction granted to Brown's complaint, the Court finds that Brown has alleged that Buncich directed the alleged use of excessive force against Brown, which is sufficient to allege liability under § 1983.

*3. Affirmative Defenses*

Buncich also claims that judgment on the pleadings should be entered in his favor because of his affirmative defenses of two forms of immunity: qualified immunity and quasi-judicial immunity. Qualified immunity "protects government officials from liability for civil damages when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Gonzalez v. Vill. of W. Milwaukee*, 671 F.3d 649, 657 (7th

Cir. 2012) (quoting *McAllister v. Price*, 615 F.3d 877, 881 (7th Cir. 2010)). However, qualified immunity will not shield a defendant from lawsuit if defendant's acts involve knowingly unlawful violation of constitutional rights or plainly incompetent actions. *Dunn v. City of Elgin, Illinois*, 347 F.3d 641, 646-49 (7th Cir. 2003). Brown, in his Complaint, alleges that the actions taken against him violated his constitutional rights. He does not allege the elements necessary for Buncich to establish qualified immunity. Therefore, at this procedural stage, judgment for Buncich premised on qualified immunity is inappropriate.

Quasi-judicial immunity is immunity for an officer performing the orders of a judge or court. *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986). One cannot carry out the order in an unlawful or incompetent manner and claim quasi-judicial immunity. *See Richman v. Sheahan*, 270 F.3d 430, 434-39 (7th Cir. 2001); *cf Dunn*, 347 F.3d at 646-47. Quasi-judicial immunity only protects actions governed by the court order, and does not extend to discretionary actions outside the limited orders of the court. *See Coleman v. Dunlap*, 695 F.3d 650, 653-54 (7th Cir. 2012) ("[O]nly the ends of the order—not the means used to execute the order—are protected by an order . . . (unless the order directs the [people acting] to use specific means)."). Reading Brown's Complaint in the light most favorable to him, his claim is not that the order instructed the officers to use excessive force, but that the officers exceeded the scope of the order by the manner in which they executed the order. Under this reading, the conduct complained of was not a part of the order, and therefore this affirmative defense is inapplicable and provides no basis for judgment on the pleadings. *See Richman*, 270 F.3d at 437-38.

**CONCLUSION**

Based on the foregoing, the Court hereby **GRANTS** the motion for leave to file an amended complaint implied in the Amended Complaint [DE 31]. The Court **ACKNOWLEDGES** that the Amended Complaint is filed at docket entry 31 and is the controlling complaint in this cause of action. The Court **DENIES** Defendant, John Buncich's, Motion to Dismiss Plaintiff's Amended Complaint [DE 37].

The Court **DISMISSES** without prejudice the claims against Lt. Douglas and the unknown officers or employees, and **GRANTS** leave for Plaintiff to file, on or before **October 27, 2016**, a Second Amended Complaint for the sole purpose of naming these defendants in the caption of the complaint.

SO ORDERED this 6th day of October, 2016.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: Plaintiff Maurice Brown, pro se